# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 26-1037** **September Term, 2026**

**EPA-91FR7686**

**Filed On: October 5, 2026**

American Public Health Association, et al.,

Petitioners

v.

Environmental Protection Agency and Lee M. Zeldin, Administrator, U.S. Environmental Protection Agency,

Respondents

------------------------------

American Free Enterprise Chamber of Commerce, et al.,

Intervenors

------------------------------

Consolidated with 26-1038, 26-1039, 26-1043, 26-1051, 26-1061, 26-1083, 26-1090

**BEFORE:** Millett, Walker, and Childs, Circuit Judges

**O R D E R**

Upon consideration of the motion to participate as amicus curiae filed by the Alliance for Automotive Innovation and the lodged opposition brief; the motion for stay filed by petitioners in No. 26-1038, the oppositions thereto, and the reply; the joint motion to complete the record, the oppositions thereto, and the reply; and the motion to hold in abeyance, the oppositions thereto, and the reply, it is

**ORDERED** that the motion to participate as amicus curiae filed by the Alliance for Automotive Innovation be granted. The Clerk is directed to file the lodged opposition brief. It is

**FURTHER ORDERED** that the motion for stay be denied. Petitioners in No. 26-1038 have not satisfied the stringent requirements for a stay pending court review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2026). It is

**FURTHER ORDERED** that the joint motion to complete the record be referred to the merits panel to which these cases are assigned. The parties are directed to address in their briefs the issues presented in the motion rather than incorporate those arguments by reference. The parties may refer to the proposed supplemental material in their briefs, but they must identify it as such. It is

**FURTHER ORDERED** that the motion to hold in abeyance be denied. It is

**FURTHER ORDERED**, on the court's own motion, that the parties are directed to submit, within 30 days of the date of this order, proposed formats for the briefing of these cases. The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief. Whether the parties are aligned or have disparate interests, they must provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment. Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Francis A. Walter
Deputy Clerk